CRAIG CARPENITO
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NELSON WAGNER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone:  (202) 616-3369
Fax: (202) 514-6866
Email:  Nelson.Wagner@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| THOMAS D. KEELEY | ) | |
| 7 Hunt Lane | ) | |
| Clarksburg, New Jersey, 08510, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States of America, brings this suit to permanently enjoin the defendant, Thomas D. Keeley ("Keeley"), and all persons and entities in concert or participation with him, from directly or indirectly:

    a.  Preparing or filing, or assisting in the preparation or filing, of any federal income tax return, amended return, and other related documents and forms, individually or through any other individual or entity, on behalf of any other person or entity;

b. Owning, managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

c. Using, maintaining, renewing, obtaining, transferring, selling, or assigning any Preparer Tax Identification Number ("PTIN") or Electronic Filing Identification Number ("EFIN");

d. Engaging in any conduct subject to penalty under the Internal Revenue Code, including (but not limited to) Sections 6701, 6694, and 6695;[1]

e. Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

### Jurisdiction and Venue

1. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7407, 7408, and 7402(a).

2. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Keeley resides in this district.

### The Defendant

3. Keeley resides in Clarksburg, New Jersey, within this judicial district.

### Keeley's Tax Return Business

4. Keeley is an income tax preparer within the meaning of § 7701(a)(36). He prepared, facilitated, or assisted in the preparation of other people's tax returns for compensation.

5. Keeley prepared returns for more than 20 years as an unenrolled return preparer (with the exception of his periods of imprisonment discussed below). At times, he practiced with other individuals under the business name T K Tax Service.

6. The total number of returns prepared and filed by Keeley with the Internal Revenue Service ("IRS") for calendar years 2014-2017 is set forth below:

---

[1] All references to "Section" or "§" are to Title 26 of the United States Code (the Internal Revenue Code, or "Code").

| Year | Number of Tax Returns Prepared and Filed |
|------|------------------------------------------|
| 2014 | 1544 |
| 2015 | 1457 |
| 2016 | 1388 |
| 2017 | 1232 |
| TOTAL | 5621 |

**Keeley's Wrongful Tax Preparation Practices**

7. Keeley prepared income tax returns that included false or inflated medical expenses, charitable contributions, and employee business expenses (reported on IRS Form 1040 Schedule A), as well as false or inflated business expense deductions (reported on IRS Form 1040 Schedule C).

8. Keeley would willfully enter false or inflated business-related mileage expenses and charitable deductions on his clients' tax returns. For example, one customer of Keeley interviewed by the IRS stated that Keeley never sought or received information from him regarding charitable contributions or employee business expenses, but entered on his tax return $10,044 in charitable donations and $11,951 in employee business expenses. Another customer interviewed by the IRS stated that Keeley did not seek or receive information from him regarding his gifts to charity, but entered an $8,000 charitable donation on his tax return.

9. Keeley would also willfully report incorrect filings status to claim tax benefits for his clients. For example, one client told the IRS that Keeley knew that he was married but entered his status as single, with his wife filing as single and head of household, in order to obtain a tax benefit. A different client reported the same arrangement to the IRS.

3

**The First Criminal Conviction**

10.     In a 2008 federal criminal case, Keeley pled guilty to one count of aiding and assisting the preparation of a false federal income tax return and one count of tax evasion, and was sentenced to 27 months of prison, three years of probation, and a $50,000 fine.  *See United States of America v. Keeley*, No. 1:07-cr-00312 (E.D.N.Y. April 13, 2007) at Dkt. 19.

11.     According to the indictment, Keeley knowingly and willfully prepared returns for his clients that claimed false itemized deductions from gross income.  For example, according to the indictment, Keeley knowingly and willfully included fictitious or inflated job expenses, charitable contributions, and medical expenses, which resulted in exaggerated deductions and falsely-inflated refund claims.  *Id.* at Dkt. 1 p. 1-3.

12.     According to the indictment, Keeley also knowingly and willfully attempted to evade and defeat his own income tax by understating his own income by $1,318,486 over a three-year period.  *Id.* p. 3-4.

**Keeley Continues Filing False and Fraudulent Returns**

13.     Soon after completing his prison term, in 2010, Keeley resumed his tax preparation practices.

14.     Because he had been convicted of a criminal offense relating to tax preparation, Keeley would have been barred from obtaining or using an IRS-issued EFIN.  As a result, he used EFINs assigned to a business associate, Thomas Falkowski, and his daughter, Colleen Keeley.

15.     Keeley continued his practice of knowingly preparing and filing income tax returns that included false or inflated medical expenses, charitable contributions, and business expenses.

4

## The Second Investigation and Conviction

16.     The IRS, in conjunction with the New York Department of Revenue ("NYDOR"), again investigated Keeley's tax preparation practices.  The investigation included audits of returns prepared by Keeley; interviews with clients; and analysis of data reported on returns prepared by Keeley.

17.     In total, the IRS and NYDOR completed audits of 241 returns from tax years 2013-2015.  93% of the returns contained understatements of tax, with an average deficiency of $2,869 per return.

18.     The investigation also revealed that Mr. Keeley took action to conceal his tax preparation services.  For example, although he operated offices in New Jersey and New York, he claimed that he operated only in New Jersey.  He asked clients from his New York office to state that he operated only in New Jersey.  He routed tax returns for his New York clients through his New Jersey office.

19.     On April 4, 2017, Keeley was arrested by the State of New York and charged with Offering a False Instrument for Filing in the First Degree; Offering a False Instrument for Filing in the Second Degree; Criminal Tax Fraud in the Fifth Degree; and Criminal Tax Fraud in the Third Degree.  *See The People of the State of New York v. Thomas Keeley*, No. 47063 (April 4, 2017) (Criminal Court of the City of New York).

20.     On May 11, 2017, Keeley pled guilty to one count of Offering a False Instrument for Filing in the Second Degree, a Class A Misdemeanor.  *Id.*

21.     Keeley was sentenced to 20 days' imprisonment and a fine of $250,000, and was required to permanently relinquish his tax preparer registration number issued by the State of New York.  *Id.*

**Harm to the United States of America**

22.     Keeley has caused substantial revenue losses to the United States of America.

23.     As a result of its investigation into Keeley's tax return preparation practices, the IRS determined that 97% of his customers' federal income tax returns understated their federal tax liability in violation of Section 6694, and that the average tax deficiency was $2,869.

24.     That Keeley continued to prepare returns that repeatedly understated the correct federal tax liabilities justifies the imposition of a permanent injunction that prohibits Keeley from preparing federal tax returns altogether.

25.     In addition to revenue loss, the government has used substantial resources, including the use of IRS agents over an extended period of time, to audit returns prepared by Keeley and investigate his return preparation practices.

**Likelihood of Recurrence**

26.     The harm to the United States will increase if Keeley is not enjoined because he is likely to continue to prepare false federal tax returns for customers.

27.     Even after serving a 27-month sentence for tax evasion and filing false returns and paying a $250,000 fine, Keeley immediately returned to filing false and fraudulent returns.

28.     After his first conviction, Keeley engaged in new and additional steps to conceal his activities from authorities (*e.g.*, by using other peoples' EFINS to file the returns and concealing the origin of the returns).

## COUNT I
### Injunction Under 26 U.S.C. § 7407

29.     The United States incorporates by reference the allegations in paragraphs 1 through 28.

30.    Under § 7407, Congress has authorized the United States of America to seek an injunction against any tax preparer who, among other things, has engaged in any conduct subject to penalty under §§ 6694 or 6695, or engages in any other deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

31.    If a return preparer's conduct is repeated, and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer altogether.

32.    Keeley has repeatedly prepared and submitted federal income tax returns that contained unrealistic and frivolous positions, and that willfully attempted to understate his customers' correct tax liabilities by fabricating business expenses, charitable donations, and filing status, and has thus engaged in conduct subject to penalty under Section 6694.

33.    Keeley has continually and repeatedly engaged in other deceptive conduct that substantially interferes with the proper administration of the internal revenue laws, including the use of EFINs belonging to other individuals.

## COUNT II
### Injunction Under 26 U.S.C. § 7408

34.    The United States incorporates by reference the allegations in paragraphs 1 through 33.

35.    Section 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under Title 26, if the court finds that the person engaged in conduct that violates Section 6701, and if injunctive relief is appropriate to prevent recurrence of such conduct.

36.     Section 6701 penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of, a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

37.     Keeley repeatedly prepared and filed tax returns for his customers, and facilitated the preparation and filing of tax returns and other documents that were intended to understate the customers' correct federal income tax liabilities.  As the preparation and filing of those returns pertained to material matters arising under the internal revenue laws, Keeley's conduct was subject to penalty under Section 6701.

38.     If the Court does not enjoin Keeley, he is likely to continue to engage in penalty conduct under § 6701.

39.     Injunctive relief is therefore appropriate under 26 U.S.C. § 7408 to prevent the recurrence of the conduct complained above.

<u>**COUNT III**</u>
**Injunction Under 26 U.S.C § 7402(a)**

40.     The United States incorporates by reference the allegations in paragraphs 1 through 39.

41.     Section 7402 of the Internal Revenue Code, 26 U.S.C. § 7402, authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.  An injunction under Section 7402 can be entered "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."  26 U.S.C. § 7402(a).

8

42.     Keeley, through the actions described above, engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

43.     Unless enjoined, Keeley is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

44.     If Keeley is not enjoined from engaging in deceptive conduct, the United States of America will suffer irreparable injury as a result of the understatement of his customers' federal tax liabilities, and through the wrongful issuance of federal income tax refunds to individuals not entitled to receive them.

45.     Enjoining Keeley is in the public interest because an injunction will bring an end to Keeley's illegal conduct and the harm it causes the United States of America and its citizens.

46.     The Court should impose injunctive relief under § 7402(a).

WHEREFORE, the United States of America prays for the following:

A.     That the Court find that Keeley continually and repeatedly engaged in conduct subject to penalty under §§ 6694 and 6695, and continually and repeatedly engaged in other deceptive conduct that substantially interferes with the administration of the internal revenue laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B.     That the Court find that Keeley engaged in conduct subject to a penalty under § 6701, and that injunctive relief under § 7408 is appropriate to prevent a recurrence of that conduct;

C.     That the Court find that Keeley engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate

to prevent the recurrence of that conduct pursuant to the Court's inherent equity

powers and § 7402(a);

D.   That the Court, pursuant to §§ 7402(a), 7407, and 7408, enter a permanent

injunction prohibiting Keeley, and all those in active concert or participation with

them, from:

(a)  Preparing or filing, or assisting in the preparation or filing, of any federal income tax return, amended returns, and other related documents and forms, individually or through any other individual or entity, on behalf of any other person or entity;

(b)  Owning, managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

(c)  Using, maintaining, renewing, obtaining, transferring, selling, or assigning any Preparer Tax Identification Number ("PTIN") or Electronic Filing Identification Number ("EFIN");

(d)  Engaging in any conduct subject to penalty under the Internal Revenue Code, including (but not limited to) Sections 6701, 6694, and 6695; and

(e)  Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E.   That the Court, pursuant to §§ 7402(a) and 7407, enter an order requiring Keeley

to contact, at his own expense, within 30 days of this Court's order, by United

States mail and, if an e-mail address is known, by e-mail, all persons for whom he

prepared or assisted in preparing federal tax returns, to inform them of the

permanent injunction and provide them with a copy of it;

F.   That the Court, pursuant to §§ 7402(a) and 7407, enter an order requiring Keeley

to contact, by United States mail and, if an e-mail address is known, by e-mail, all

tax return preparers who prepared returns in connection with him or with T K Tax

Service, including, but not limited to, Colleen Keeley and Thomas Falkowski, to inform them of the permanent injunction and provide them with a copy of it;

G.   That the Court, pursuant to §§ 7402(a) and 7407, enter an order requiring Keeley to file within 35 days of this order an affidavit attesting to the completion of Paragraphs (E) and (F) above;

H.   That the Court, pursuant to §§ 7402(a), enter an order requiring Keeley to produce to counsel for the United States of America, within 30 days of this Court's order, a list that identifies by name, Social Security number, address, e-mail address, telephone number, and tax period(s), all persons for whom they prepared, or assisted in preparing, federal tax returns since January 1, 2015;

I.   That the Court retain jurisdiction over Keeley, and over this action, to enforce any permanent injunction entered;

J.   That the United States of America be entitled to conduct discovery to monitor Keeley's compliance with the terms of any permanent injunction entered against them; and

K.   That the Court grants the United States of America such other and further relief, including costs, as is just and reasonable.

Dated: August 16, 2018

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        CRAIG CARPENITO
        United States Attorney

        By:

        /s/ Nelson Wagner
        NELSON WAGNER
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227, Ben Franklin Station
        Washington, D.C.  20044
        202-307-1427 (v)
        202-514-6866 (f)
        Nelson.Wagner@usdoj.gov

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, Email and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
        Plaintiff

❏ 2   U.S. Government
        Defendant

❏ 3   Federal Question
        *(U.S. Government Not a Party)*

❏ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>    Liability<br>❏ 320 Assault, Libel &<br>    Slander<br>❏ 330 Federal Employers'<br>    Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>    Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>    Product Liability<br>❏ 360 Other Personal<br>    Injury<br>❏ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury  -<br>    Product Liability<br>❏ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>❏ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>    Property Damage<br>❏ 385 Property Damage<br>    Product Liability | ❏ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>    3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>    Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>    Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>    Accommodations<br>❏ 445 Amer. w/Disabilities -<br>    Employment<br>❏ 446 Amer. w/Disabilities -<br>    Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>    Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ❏ 710 Fair Labor Standards<br>    Act<br>❏ 720 Labor/Management<br>    Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>    Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>    Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>    Actions | ❏ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>❏ 871 IRS—Third Party<br>    26 USC 7609 | ❏ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>❏ 950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
        Proceeding

❏ 2   Removed from
        State Court

❏ 3   Remanded from
        Appellate Court

❏ 4   Reinstated or
        Reopened

❏ 5   Transferred from
        Another District
        *(specify)*

❏ 6   Multidistrict
        Litigation

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: _____<br>Brief description of cause: _____ |
|---|---|
| VII.  REQUESTED IN<br>COMPLAINT: | ❏  CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P.      DEMAND $ _____      CHECK YES only if demanded in complaint:<br>JURY DEMAND:      ❏ Yes   ❏ No |
| VIII.  RELATED CASE(S)<br>IF ANY | *(See instructions):*<br>JUDGE _____      DOCKET NUMBER _____ |

DATE _____      SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.